IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL L. LAYTON, | : |
| Petitioner, | : |
| v. | : C.A. No. 13-378-RGA |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## **MEMORANDUM**

Petitioner Samuel L. Layton's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") asserts various constitutional errors associated with his 2003 convictions for first degree rape, second degree rape, and continuous sexual abuse of a child. (D.I. 1) Layton was already denied habeas relief for these same convictions on one prior occasion, when the Honorable J. Curtis Joyner dismissed his first petition as time-barred. See *Layton v. Phelps,* Civ. Act. No. 10-737-JCJ (Del. Apr. 18, 2011).

The instant Petition is a second or successive habeas petition under 28 U.S.C. § 2244, because the denial of Layton's first petition as time-barred constitutes an adjudication on the merits for the purposes of 28 U.S.C. § 2244(b), and the instant Petition asserts claims that could have been asserted in Layton's first petition. See *Murray v. Greiner,* 394 F.3d 78, 80 (3d Cir. 2005); *Benchoff v. Colleran,* 404 F.3d 812, 817-18 (3d Cir. 2005). Layton has not obtained authorization from the Third Circuit Court of Appeals to file this successive habeas request and, to the extent his assertion

of "newly discovered evidence" is an attempt to avoid the second/successive bar, that is an issue for the Court of Appeals to decide, not this Court. See 28 U.S.C. §§ 2244(b)(2)(B) & (3).

Accordingly, the Court will dismiss the Petition for lack of jurisdiction. See Rule 4, 28 U.S.C. foll. § 2254; Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). A separate Order will be entered.

May 14, 2013
DATE

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE